IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| ERIC DANIEL CORREA-CAMBRON | § § | |
| Petitioner, | § § | |
| v. | § § | 2:17-CV-0014 |
| | § | (criminal case no. 2:16-CR-0017) |
| UNITED STATES OF AMERICA | § § | (Court of Appeals no. 17-10081) |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION

The Court is in receipt of Eric Daniel Correa-Cambron's ("Correa") "Motion to Vacate under 28 U.S.C. § 2255" (hereinafter, Correa's "Motion"). [D.E. 2]. Correa attacks his 2016 judgment of conviction and sentence in this District Court. *See United States v. Eric Daniel Correa-Cambron*, 2:16-CR-0017-1 [D.E. 31]. Correa has filed an out-of-time direct appeal of his criminal conviction, which is still pending. *See United States v. Eric Daniel Correa-Cambron*, 2:16-CR-0017-1 [D.E. 43] (hereinafter "CR D.E. #"). Resolution of his direct appeal may moot or otherwise affect the relief sought in his 2255 Motion. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and for the reasons provided below, it is recommended that Correa's Motion and case be summarily dismissed without prejudice.

## I.
## PROCEDURAL HISTORY

On May 16, 2016 Correa pleaded guilty, pursuant to a plea agreement, in this District Court to being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326 (a) & (b)(2). *See*

CR D.E. 19 at 1, and 23. On August 29, 2016 the District Judge sentenced Correa to 46 months of imprisonment. *See* CR D.E. 31. Judgment was issued on August 30, 2016. *Id.* On or about January 19, 2017 Correa filed a Notice of Appeal. CR D.E. 43. On or about January 27, 2017 Correa filed the Motion to Vacate. In his Motion, Correa argues that his attorney provided him ineffective assistance and did not discuss his appellate options with him. The Court has verified that Correa's direct appeal is still pending. *See Eric Daniel Correa-Cambron v. United States*, No. 17-10081 (5th Cir., filed January 19, 2017).

## II.
## DISCUSSION

Generally, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, while a direct appeal is pending, as the disposition of the appeal may render the motion moot or affect the claims made by the petitioner/defendant. The Fifth Circuit has found that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). The Fifth Circuit has reasoned that entertaining a § 2255 motion while direct appeal is pending is not allowed because "the disposition of the appeal may render the motion moot." *See Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968).

Because Correa is in the process of pursuing a direct appeal, albeit an out-of-time appeal, his instant Motion is prematurely filed. In applying the general rule to Correa's case, the Court should not address his Motion prior to the resolution of his direct appeal because no extraordinary circumstances mandating immediate review are present on record before the Court. Therefore, the defendant's Motion "should be dismissed without prejudice to refiling after resolution of the direct appeal." *United States v. Fantozzi*, 90 Fed.Appx. 73, 74 (5th Cir. 2004).

When dismissing a case without prejudice, courts should consider the circumstances of the case to determine if the dismissal will actually operate as a dismissal with prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir.1996) (stating that statute of limitations can cause a dismissal without prejudice to operate as a dismissal with prejudice). Although dismissal with prejudice is a discretionary issue, it should only be done in limited circumstances. The Court has considered whether a dismissal without prejudice in this case would operate as a dismissal with prejudice, and the Court has determined that it will not so operate so long as petitioner acts in a timely manner.

### III.
### RECOMMENDATION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Correa's Motion [D.E. 2] and case be summarily dismissed without prejudice to refiling. Correa's Motion is premature until his direct appeal has been resolved.

### VI.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

Entered this the __10th day__ of February, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).